IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,198






EX PARTE TERRY LEE CAMP, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 The opinion was Per Curiam.



O P I N I O N


 

 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of aggravated sexual assault, and punishment was assessed at imprisonment for life. 
Applicant appealed, and his conviction was affirmed. Camp v. State, No. 05-00-01963-CR
(Tex. App. -- Dallas, delivered November 20, 2002, pet. dismissed).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely file his petition for
discretionary review. The trial court, after being unable to obtain a response from appellate
counsel, recommended that relief be granted. The record reflects that counsel did not timely
file a petition for discretionary review from this conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number F00-71131-VT
from the 283rd Judicial District Court of Dallas County. Applicant is ordered returned to the
point at which he can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: June 15, 2005

DO NOT PUBLISH